OPINION of the Court, by
Ch. J. Bibb
— Beau-champ exhibited his bill to recover of Gibbs a sum of money, which he had paid as security for John Beau-champ ; he states that he refused to become the security of John for the payment of the money to Gibbs, unless upon condition that the land mentioned in the bond to be assigned, for which the money was to be paid which he was asked to secure, should be conveyed twelve months previous to the payment; as he was sensible that length of time would be sufficient to raise the money by sale of the said land : “ that this was well known to the defendant, and that the complainant’s prospect was to raise the money out of that very land that according to the said condition, he gave a bond as the security of said John Beauchamp ; that the bond for the title to the land was thereupon assigned to John Beau-champ in his presence. The bill then charges, that by a secret subsequent agreement between said Gibbs and John Beauchamp, Gibbs obtained possession of the bond so assigned to John; “ and some other lands to which said Gibbs in all probability had no title, were pretended to be conveyed to said John that this was in express violation of the former agreement, and the condition upon which the complainant had consented to become bound ; that the whole transaction was kept secret from the complainant; that said John had become entirely insolvent, and the defendant applied to the complainant for payment of the bond as security for said J^hn, assuring at the same time, that he had conveyed or caused to be conveyed the land, according to the original agree *482 ment anj condition of the complainant’s responsibility 5 upon which the complainant paid the principal part of the money and interest, and took a receipt therefor, amounting to £.258 18s. 9d. which is exhibited ; that the complainant had no knowledge of the secret transaction and shifting of the agreement between Gib'os and said John, until long after he had paid the money ; that the defendant yet has in his possession the bond which he assigned to John Beauchamp, and also the bond in which the complainant was bound ; which bonds are required of the defendant as exhibits in his answer; that he doubts whether the defendant had any title to the land which he conveyed to said John Beauchamp, and therefore prays that the defendant may exhibit his title, &c. and avers the money was obtained by the defendant by fraud and misrepresentation as aforesaid; and that he refuses to repay it; that John Beauchamp is dead, and his estate insolvent : the relief prayed is for the money and interest thus paid to Gibbs.
As to the charges of the “ insolvency of said John,” “ the doubts as to title made by the defendant to him,” the prayer for “ a discovery of that transaction,” and the allegation that the money “ was paid under a mistake,” the defendant demurred ; and for cause stated, 1st. “ that it is immaterial whether John died insolvent or solvent, nor is the defendant able or bound to answer as to said allegation 2d. the defendant is only answerable to the said John’s representatives with regard to the conveyance alleged, and the complainant has shewn no privity with himself and this defendant in said transaction.
3d. “ Because said complainanthas not shewn himself in equity entitled to relief on account of the payment aforesaid.”
4th. “ Because the complainant should have sued at law, and not in this court.” Wherefore he demands “ whether he ought to make answer to such parts of said bill as he hath demurred to,” &c.
Upon this demurrer the court gave judgment, sustaining the demurrer, dismissing the bill with costs ; to which the counsel took his exceptions, stating his objection to the consideration of the demurrer, because of the plea and answer, and also to the extent of the judgment on demurrer.
*483 The defendant had pleaded the statute of limitations, and had answered to such parts of the bill as were not demurred to.
After judgment on the demurrer the court refused the complainant leave to amend his bill, when asked, before the judgment on demurrer was entered, to which he also excepted. Upon which several opinions of the court the questions are made in the appellate court by the complainant.
That the judgment of dismissal with costs upon sustaining the demurrer, was extended beyond the prayer of the demurrer and beyond the effect of the demurrer is clear ; because the demurrer went only to some few of the inducements in the bill, and not to the body of the complaint nor to the relief asked for ; the third and fourth causes assigned were without the parts demurred to, and could only have been proper upon a demurrer to the whole bill. Whatever might have been the proper adjudication on the demurrer, if it had been confined to some of the parts only, is not the question brought before the court. The demurrer had been taken to some few expressions in the bill respecting the “ mistake under which” the money was alleged to have been paid, by detaching them from the circumstances of concealment, misrepresentation, and the conditional obligation in the bill alleged against the defendant, as inducing the mistake of the complainant and fraud of the defendant. These parts the defendant had thought material to be answered unto and had answered. The demurrer being entire and embracing parts which he had answered, should therefore have been overruled on that ground ; but the defendant had also pleaded to the whole bill; and the rule is well settled, that the plea overrules the demurrer to the same parts pleaded unto. Now whether a bill consisting of one single cause of suit, but made up of many inducements and circumstances tending to the same cause, can be demurred to in part, pleaded to in part and answered to in part, is worthy of enquiry, but need not be here decided. In whatever way the demurrer is viewed, the judgment of the court was erroneous and should have been overruled with costs.
The refusal of the court to give leave to amend, being founded on their judgment on the demurrer, was.als® erroneous.
*484 !(• js therefore considered by the court and so decreed! and ordered, that the said decree of the circuit court he reversed, annulled and set aside ; that the cause be remanded to the said court, with directions to overrule the demurrer with costs, and grant leave to the complainant to amend, on paying the costs occasioned by the amendment ; and for farther proceedings to be had according to the rules of proceedings and principles of decisions in such like cases.