Opinion op the Court, bp
Judge Owsley.
THIS writ of error is brought to reverse a judgment recovered by Curts, in an action brought by him against Cobb, &c. upon an injunction bond.
The assignment of error questions, the decision of the court below, in refusing- the plaintiffs in error, who were defendants there, a continuance of the cause, as well as the decision in sustaining the demurrers of -Curts to the pleas of the present plaintiffs.
The cause ought, we think, to have been continued,. The present plaintiffs appear to have-filed a demurrer to the original declaration of Curts in the court below, and their application for a continuance was made after the demurrer to the declaration was sustained, and after Curts obtained leave from, the court, and filed an amendment to his declaration. The original declarar tion, we are induced to think, was correctly decided by the court.to be substantially defective, and after the defect was supplied by the amended declaration, the present plaintiffs were unquestionably entitled to a continuance- without suggesting any other cause to the court, according to the express provisions of the statute of this country, contained in 1 Disr. L. K. 261. & Í8.
But as the cause must be remanded to the court below for further proceedings, it is proper that we should notice the decision given by that court, on the demurrer of Curts to the first and second pleas of the present plaintiffs.
Each of those pleas, in substance alleges, that the hónd upon which the'action of Curts is' founded, was iSb'fieXf ecuted in the-clerk’s office of the court where th^,judgment enjoined.was rendered.
Assuming the allegations'of the pleas to he-true, it cannot be denied but that the injunction bond was not executed in strict conformity with the requisitions of the laws regulating the- giving, of such bond’s. But it does not thence follow,.that the demurrer to'tbose pleas ought to have beln sustained. According to the principles decided by this- court, la the case of ffardin vs,. *236 Ozuings, 1 Bibb, 483, it might be proper for a court of ' original jurisdiction, oil the application of a defendant in chancery, to dissolve an injunction whenever it should be made appear that the injunction bond was not given by the complainant in the office of the clerk of the court whose judgment is enjoined; for the law in relation to injunctions, in language as explicit as that in relation to appeals, requires the bond to be executed in the office of the clerk, and in the case cited, the circumstance of an appeal bond not having been executed in the office of the clerk, was held to be a sufficient cause for dismissing an appeal. But whilst it is conceded that both injunction and appeal bonds ought to be executed in the office of the clerk, and that for a'failure so to execute them, the appeal may he dismissed or the injunction discharged, it is not admitted, that the party whose judgment has been delayed by the appeal or injunction, may not waive the objections as to the manner of executing the bond, and sustain an action thereon, after a breach of its condition. If, in consequence of the irregular execution of the bond, the p«rty whose judgment is delayed, should apply to the court and obtain a dis-mission of the appeal, or a discharge of the injunction, we acknowledge.he ought not thereafter to be permitted to sustain an action on the bond. He would not he permitted to do so, because, by objecting to the sufficiency of the bond, he would be understood to waive all benefit under it, and would thereafter be estopped to assert the validity of the bond. But where no objections are taken to the bond by the party whose judgment is delayed, the person giving the bond, derives all the benefit which he could have derived from a bond executed in strict conformity to the requisitions of the law, and he ought not thereafter to be permitted to assert his own irregular act, in not executing the bond in the proper place, in avoidance of it. • .
It results, therefore, that to he a valid defence to the action of Curts, the pleas ought, in addition to the allegation of the bond not having been executed in the office of the clerk of the court where the judgment was rendered, to have averred the further fact, of the injunction having been discharged or dissolved by the court, in consequence of the irregular execution of the bond. The demurrers to the first and»secondi pleas of the present plaintiffs, were, consequently, correctly sustained,
*237 The judgmentvmust, however, be, reversed, in consequence of the, error of the court below in refusing to «continue the cause, and the causp must be remanded to that court for further proceedings not inconsistent with this opinion. Curts must pay the costs in this court.