Mr. Justice Smith
delivered the opinion of the court.
This was originally an action of assumpsit, founded upon a promissory note, given by the plaintiff in error to secure the payment of a part of the purchase money of a tract of land, sold by the plaintiff in the suit below to the defendant. Two pleas were pleaded by the plaintiff in error. To the latter, which was a.plea setting up an entire want of consideration in the note, there was a general demurrer and joinder, and judgment thereon, establishing the correctness of the demurrer; and the defendant having withdrawn his former plea, and declining to answer over, judgment by default final was entered against him.
It is to this decision of the judge upon the demurrer, that exceptions are taken, and we will proceed to investigate the points raised in the argument of counsel.
1. It was insisted that a vendor cannot bring an action for the purchase money, without having executed a conveyance of the land, or offered to do so. But we cannot assent to this proposition in the extent of its application. When the contracts of the parties are dependent, this rule will be applicable, but not when the promise to pay is independent of the covenant to make title. The case of Parker v. Parmele, 20 Johns. Rep. 130, cited by the counsel for the plaintiff, was a case of dependent covenants. That was an action founded upon an agreement under seal, by which the *278 defendant covenanted to pay so much money, as the consideration in the purchase of a lot of land, upon a particular day; and the plaintiff covenanted that, upon the performance of his covenant by defendant, he would convey, &c. There the payment of the money was expressly made to depend upon the previous execution of the deed, and was, therefore, clearly a case of dependent covenants. The other cases referred to by counsel, from Johnson’s Reports, are likewise cases where promises were dependent^ and, therefore, do not sustain the proposition.
3. It was farther contended, that the contracts of the parties in this case, as disclosed by the pleadings, were dependent; that the promise of Hageman to pay the amount of the note sued on, was upon condition that Sharkey should convey a perfect title. The case of the Bank of Columbia v. Hagner, 1 Peters, 455, referred to in argument, which was a suit upon a special agreement to purchase two lots of land; the court held, that in an undertaking of that description, the contracts of the parties are always considered dependent, unless a contrary intention clearly appears; and upon the principle that a different construction would in many instances lead to great injustice. But without remarking upon the obvious difference between an agreement to purchase land, and a contract to pay money, without an express condition embraced in the terms of the contract, we will inquire into the truth of the propositions above stated.
The plea in effect sets out that the note sued on was made and executed by the defendant below, in consideration, that the plaintiff had, before and at the time, represented to the defendant, that he was the owner of a certain tract of land, and that the said plaintiff was then and there lawfully seised and possessed thereof, and that he, the plaintiff, was authorised, and had full power to sell and convey the same, and in consideration, that the defendant would then and there execute to him his three notes for one thousand dollars each, one payable on the 1st of January, 1833, one on the 1st of January, 1833, and one on the 1st of January, IS34, the last of which was the one now sued on, the first two of which having been long since paid, the said plaintiff agreed then and there, and promised 'to convey to defendant, *279 by good, and sufficient title, in fee simple with general warranty, said tract of land; and the defendant averred that, relying on the promises, &c., of said plaintiff as above set forth, that he made said three notes, above described; and the defendant farther averred that at the time of the representations above set forth, and at the time of the creation of the notes, said plaintiff was not lawfully possessed and seised of said land, and that he was not by law authorised to convey the same, and that the said plaintiff well knew at the time of making said representations, and at the time of making said notes, that he was not authorised to convey the land, and that he had not the possession and seisin thereof; and that he well knew that one William R. Bay was in the possession of said land, and held the possession adverse to him, and’ that he was still in the possession of said land, and has hitherto enjoyed the same in opposition to the wishes of said plaintiff.
The contract as above set forth, to wit, “ that the plaintiff, in consideration that the defendant would then and there execute his three promissory notes, agreed to convey, &c.” would appear to bring this case within the principle of dependent covenants; if the rules laid down in 1 Peters be correct, he agreed to execute his notes in consideration that the plaintiff had agreed to convey. The contract here set forth and admitted by the demurrer, is precisely analagous to the agreement in the case above referred to, in 1 Peters’s Rep., 445, although there are some other facts detailed in the plea, strongly indicating that the promises of the parties were independent. See case of Mason v. Gardner, 4 Littell, 235.
The question then arises, have the pleadings shown a violation of the contract on the part of the plaintiff ?
We think that they have not. The averments do not allege a failure to make a good and sufficient title in fee simple to the tract of land above described. Nor do they negative the fact that the plaintiff could have conveyed a good and sufficient title in fee simple. It is true the plea contains an averment that the plaintiff was not lawfully seised and possessed of the land, but this averment is not inconsistent with the power of the plaintiff to make a good and sufficient title in fee simple, for a man may have an absolute right in fee simple to lands of which he is *280 neither seised or possessed. The averment that the plaintiff was. not authorised by law to convey, is an improper averment in a plea. A plea must present a matter of fact of which a jury can judge as to its truth or falsehood. This averment states a conclusion of law, of which the court alone is competent to judge, and is therefore a defective averment.
The preceding statement in the plea, to wit, “ that the said plaintiff at the time of making said representations, &c.,well knew that he was not authorised to convey, &c., the same” is equally defective. If it were the intention of the defendant to shield himself from the demand of the plaintiff, upon the ground of fraud in the sale of the land, it should have been expressly averred, that the representations of the plaintiff were made with a fraudulent intention. The reason of this rule is obvious, as it is an intendment of law, that a person is innocent of fraud or deceit or any other imputation affecting his reputation. The party, therefore, insisting upon a fraud, must state it fully. Coke Litt. 71. b. Chit. Pl. 204.
But viewed in a different aspect, it does not present a fact, upon which an issue could have been taken decisive of the cause. It would have been an immaterial issue.
The judgment must, therefore, be affirmed.
Mr. Chief Justice Shahkey gave no opinion.