Ojudham, J. The first objection made by the plaintiff in error to the decision of the circuit court is, that the bill of exceptions presented by the defendant in error to the decision of the pi’obate court in rejecting' his demand, was not presented at the time of the trial but on a subsequent day of the term. In all cases whei'e appeals are allowed from the judgment of the pi*obate court, the party has during the term at which the appeal is asked to pi’esent his bill of exceptions to the decision of the court, specially setting forth each item, the allowance or rejection of which is objected to. Rev. St. ch. 4, sec. 180. The next objection is that the bill of exceptions does not state that it contains all the evidence adduced on the trial. This it does not do by express words. That same legal strictness cannot be observed or enforced in the proceedings before the probate courts as in the circuit courts.' Men intimately acquainted with legal proceedings do not usually preside there,parties are not l’epi’esented by men of law knowledge; and consequently, the proceedings of these courts, as to technical accuracy must be viewed with indulgence. A different course would in many cases result in a total pei’version of the ends of justice. Although the bill of exceptions does not, in so many words, state that it contains all the evidence, yet it states that but one witness was introduced, and also sets out his testimony; which, in no respect whatever, is calculated to defeat the right of recovery of the plaintiff below. The bill of exceptions, we are of opinion, is amply sufficient to authorize the circuit court to take jurisdiction of the case and review the proceedings of the inferior court. Another objection urged by the plaintiff in error is that the defendant in error should have produced upon the trial anew in the circuit court the writing obligatory presented for allowance and read the same in evidence to establish his claim. The writing obligatory duly probated, was the foundation of the action, and was upon the appeal sent up to the circuit court as apart of the record in the case. The defence set up by the plaintiff in error did not deny the existence, or the execution of the writing obligatory, but' .sought to avoid it upon the ground of fraud. He thus took the onus upon himself and dispensed with proof on the part of his opponent. Although the writing may not have been formally read in evidence, it was a paper in the cause, was already before the court, and was necessarily taken into consideration in rendering the judgment. It was therefore useless for the party to go through the formality of reading the writing to the court. Having disposed of these preliminary questions, we will now proceed to the determination of the main question, that is, whether the evidence shows such fraud on the part of the plaintiff below as will avoid the writing presented for allowance to the probate court. Fraud consists in the misrepresentation or concealment of a material fact calculated.!© deceive and mislead the opposite party. Of neither does the evidence show that the defendant in error was guilty. The evidence shows that the mare, for which the writing obligatory was executed, was unsound, and that the witness told the defendant in error so, and he admitted the fact, but that the unsoundness was such that any person of ordinary understanding might have discovered it upon inspection. It is expected and required by courts of justice that each contracting party shall be vigilant and exercise a due degree of caution. Chiity on Con. 681. Courts wall not avoid a contract because the consideration for which it was executed possessed such defects or unsoundness as were plainly perceptible to a man of ordinary judgment and understanding and where no undue means were used by the opposite party to conceal the same. Under the evidence as set out by the bill of exceptions, the judgment of the circuit court is correct and is ac-coi’dingly affirmed.