Mu. Justice Walicer, delivered the opinion of the court. This action was brought on a bond executed by the plaintiffs in an action of replevin to the Sheriff, which they were required by the 10th Sec., Dig. 844, to give before the execution of the writ of replevin. The bond is in the usual form, conditioned in every respect as required by the Statute. There is, however, in the recital of the bond which immediately preceeds the condition, a statement that the slaves mentioned in tl^e writ had been replevi-ed and delivered to the plaintiffs. The Sheriff, by leave of the Court, assigned this bond to the plaintiff in this suit, who filed his declaration in debt thereon. The declaration sets out a literal copy of the bond with its recitals and condition, and avers that, by the judgment and consideration of the Circuit Court, he recovered judgment against the plaintiffs in the replevin suit, for the slaves, and if they could not be had, then the value of them, and also the sum of $165 83 damages and $100 costs, which recovery remained in full force and wholly unsatisfied. He next alleged that the slaves had not been i’eturned; nor had the value of them, nor the damages, nor costs, nor any part therof been paid; averred an assignment of the bond by the Sheriff to the plaintiff, and concluded with a general breach. There are several breaches in the declaration, but they are all based upon the above facts and may be considered together.— The defendants, with the exception of two as to whom the action was discontinued, appeared by different attorneys and filed two demurrers to the declaration which demurrers the Circuit Court sustained and rendered judgment thereon for the defendant. The several causes of demurrer may be considered 1 st: As to whether' an action can be niaintained on the bond. 2d: Whether in averring a judgment and recovery in the action of replevin it is necessary to set forth in the declaration all the proceedings in that action necessary to show a valid judgment. 3d: Whether the bond was legally assigned. As regards the first question, the whole ground of demurrer is that by the recital in the bond it appears that the property had been replevid and delivered .to the plaintiff before the bond was executed. That recital was wholly unnecessary to the validity of the declaration; there was no necessity for copying the bond into the declaration. Whilst it did not vitiate, it but served to encumber the record with unnecessary matter. The legal effect of the bond and its condition was all that it was necessary to have set forth. The bond is in every respect taken in conformity with the Statute, with this exception that from the recital it appears to have been executed after the execution- of the writ. The objection to the bond, therefore, is not as to its legal effect, but the time at which it was taken, and involves the mere question of power of the Sheriff to take the bond after the writ was executed. It is true that the 10th Sec., Dig. 844, requires that the Sheriff shall, before he executes the writ, take bond of the plaintiff. But for what purpose ? Evidently for the benefit of the defendant, that before the property was taken from his possession by this summary process an indemnity should be given him. It is also true that this Court, in the case of Pirani vs. Barden, 5 Ark. 81 > declared thatifthe Sheriff seized the defendant’s property without first having taken bond, he should be held a trespasser. But by whom ? Most clearly not the plaintiff. The whole proceeding is for the benefit of the defendant. So Sec. 28 gives him the right to except to the bond, and the 29th Sec. requires that where it is adjudged insufficient, the plaintiff shall perfect it, or judgment of restitution will be rendered against him. Now if the plaintiff could be required to perfect this bond upon motion, why should not a bond voluntarily executed by the plaintiff without motion be equally valid ? No difference can be said to exist unless it be that the one is the amendment of an insufficient bond which had been executed at the proper time, and the other the execution of a bond where no previous attempt had been made to execute one, but in both instances the plaintiff does what the law requires-of him, and effects thereby the object intended, an indemnity to the defendant. It is not necessary to the validity of a bond taken under authority of a Statute that it should strictly comply in every respect to the requirements of the Statute. 6 Term Rep. 702. 10 Price 54. Nor is it void for slight departures from the Statute unless expressly declared by Statute to be so. 2 Bailey 362. So in Massachusetts, where a replevin bond was required by Statute to be taken in the sum of $300, but was taken in $800, it was held good. Class vs. Guile, 8 Mass. 153. So a bond given for a less sum than required by the Statute is good as a common law bond. Class vs Gogran, 7 Mass. 98. Freeman, vs. Davis, ib. 200. Unless the bond so departs from the requisitions of the Statute as to defeat the object of the Statute, it may still be a good common law bond. Stephens vs. Miller, 2 Litt. Rep. 306. Cobb vs. Curtis, 4 Litt. 235. Fant &c. vs. Wilson, 3 Mon. R. 342. Hay &c. vs. Rogers, 4 Mon. Rep. 225. Roman vs. Stratton, 2 Bibb 199. Class vs. Guile, 8 Mass. 153. 7 ib. 98. ib. 200. People vs. Collins, 7 John. Rep. 549. In the case of Roman vs. Stratton the plaintiff in replevin procured the property to be taken and delivered to him upon his executing a bond that he would prosecute his claim successfully or return the property; instead of a successful prosecution of his suit the proceedings were quashed; whereupon the defendant brought suit upon the bond. At the trial the defendant in that suit (the plaintiff in replevin) objected that the bond was void inasmuch as he had no right of action in the replevin suit. The Court, in delivering their opinion, say “ This objection is predicated on the irregularity and unwarranted procedure of the party who makes the objection and o ver which the defendant in replev-in had no control, and to which he was obliged to submit. And however irregular the proceedings were, Roman-thereby obtained possession of the property to the injury of Stratton. This bond was freely and deliberately executed as an indemnity to Stratton if Roman failed in the action of replevin. To permit the party to avail himself of this objection could have no better- justification than the party’s own wrong. Roman and his securities must abide the bond.” So in the case before us, the plaintiff had no control over the writ of replevin. It was the plaintiffs in that suit who procured the replevin in advance of th.e bond, who executed the bond voluntarily in fulfilment of a previous legal duty, and who (as in that case) complain of their own neglect of duty in avoidance of the liability incurred by law and their own voluntary act. There is a still stronger case reported in 2 J. J. Marsh. 416, Thompson vs. Buchanan. The action was debt on a bastardy bond. By the Statute of Kentucky the County Court has the power to take the bon'd and security of the reputed father for the maintainance oí the bastard child. After judgment against the reputed father he escaped without executing bond as required by law. Under the direction of the Court the Sheriff, who had no authority by law to take bond of the defendant, arrested him and took the bond in suit. The obligors objected that the bond was void. The Court say this bond was not voidable for duress and that “ the general rule is that a bond, whether required by Statute or not, is good at common law if entered into voluntarily and for a valid consideration and ifnot repugnant to the letter’or policy of the law.” In the case of More vs. Hodsden, 5 Mass. 314, the Court say: “ If the plaintiff execute an informal bond to obtain possession of the goods, and the officer thereupon deliver him the goods, the defendant in replevin may, if he please, accept the bond and pursue a remedy at law against the obligors unless the bond be void by common law.” The counsel for the defendants have referred to the cases of Ashley vs. Brazill et al. 1 Ark. 148, and Heilman vs. Martin, 2 Ark. 166, to show that this bond is void. Upon examination these cases will be found to decide that as the Court had no jurisdiction of. the subject matter the bond and the recognizance taken before them were void; making the validity of the bond to turn exclusively upon the question of jurisdiction, and it is worthy of remark that the question of the sufficiency of the bond as a common law bond was neither discussed nor alluded to in these cases. There is a case turning upon the same principle decided in 3 J. J. Marsh. 621, (Moore vs. Allen,) which illustrates this doctrine more fully, and draws a distinction which perhaps the counsel had overlooked. In that case a Jailor had custody of one without power by law to take a bond for the prison bounds, but did so. The Court decided the bond void, saying that “ Bonds given by prisoners for ease and favor to those who have them in custody, and who are not by Statute authorized to take such bond, are void at common law.” It will readily be perceived that the Court decided (and correctly) that this bond was void as a common law bond, for the reason that it was taken against the policy of the law; for it was unquestionably such to turn one loose on bail, who had been committed to prison, without some authority of law for so doing. But how marked and different is the state of the case before this Court; here the plaintiffs, were about to take from the possession of the defendant in replevin his slaves upon mere ex parte affidavit, and by express Statute was requir ed to execute bond before they took the slaves; they, however, procured the writ to be executed before they executed the bond. Now the policy of the law is most clearly that this bond should be given by the plaintiffs and taken by the.Sheriff; incompliance with reciprocal duties devolving upon them one party voluntarily gave, the other accepted a good and sufficient bond in every respect conforming to the Statute. This bond then having been given not against, but in accordance with the policy and spirit of the act, and in other respects unexceptionable, must in any event be held a good common law bond. We have examined most of the cases referred to by the defendants’ counsel in his brief, and are of opinion that they do not sustain the proposition, assumed in argument, that a bond not taken in accordance with the provisions of the Statute must necessarily be void. • It is true that a bond may be so repugnant to the spirit and intent of the Statute that it should not be sustained even as a common law bond. Those extreme cases have no direct application to this case. The first was where the condition of the bond materially varied from the Statute. In the other the Court say: “If the conditions go beyond what the Statute warrants, it is void, so far at least as it extends the condition.” Nor do the other cases referred to conflict materially with the authorities which sustain the sufficiency of this bond; and from which we feel fully warranted in deciding that the bond is valid and the Circuit Court erred in sustaining the demurrer to the declaration for that cause. We will next proceed to examine the second objection to the declaration. It is wholly unnecessary to set out the whole of the record, even where it is the foundation of the action. In this case, however, it is but matter of inducement, and even less certainty is required than in cases where the suit is founded on the record. In 1 Chitty’s Pleading, page 370, it is held that “Formerly in an action upon a judgment it was usual to set forth in the declaration the whole of the proceedings in the former suit; but this is no longer the practice, and it is sufficient' to state the judg ment concisely even though it were recorded in an inferior court.” So in Archbold’s Civil Pleading, page, 148, it is said, “ In pleading a judgment it is not necessary to set forth all the proceedings in the cause. It is sufficient to state shortly that the plaintiff in Easter, term 7, impleaded the defendant in the Court of our Lord the King, the Court being then held, &c., in a plea of debt, and that afterwards such proceedidgs were had that the plaintiff by the consideration of said Court recovered his debt,” &c. The declaration sets out, in our opinion, all that is necessary to to sustain the averment of recovery in the replevin suit, and for that cause also the demurrer should have been overruled. The third material objection is that there is no sufficient assignment of the bond to the plaintiff. This is a substantial averment upon which rests the plaintiff’s right of action. The bond not having been executed to him, he could only acquire a right of action by assignment, which assignment must affirmatively appear to have been made before the action was commenced.— This appears to have been done, and upon demurer its truth cannot be questioned. The objection that it was not under seal is, in our opinion, untenable. It is true that there is no date to the assignment disclosed in the pleadings, but it appears to have been made before the commencement of the suit — having been setforth in the declaration — and thereby the plaintiff acquired a cause of action perfect in himself. The validity of the assignment does not depend upon the fact, as to whether it was dated or not, the right of action was complete by the assignment and a delivery over without a date. The declaration, although not drawn after the usual and approved forms of pleading, and in many respects unnecessarily full in detail and recitals, is, we think, substantially good. The judgment of the Circuit Court must therefore be reversed and the cause remanded to the Circuit Court to be proceeded in not inconsistent with the opinion herein delivered. Mr. Justice Scott, not sitting.