JUDGE PETERS
delivered the opinion of the court.
By section 224 of the Civil Code the clerk is not permitted to issue an order for an attachment until there has been executed in his office, by one or more sufficient sureties of the plaintiff, a bond to the effect that the plaintiff shall pay to the defendant all damages which he may sustain by reason of the attachment, if the order is wrongfully obtained, not exceeding double the amount of the plaintiff’s claim.
*132 The bond here provided for must be executed in the presence of the clerk or his legally authorized deputy, that the evidence of the execution .shall be at hand. He is furthermore required to know that the surety tendered is sufficient; and to enable him to satisfy himself of that fact he is authorized to require an affidavit of the surety as to his ability and qualifications. (Section 754, Civil Code.) And the next section requires that the surety must be a resident of the state, and worth, double the sum to be secured beyond the amount of the debt, and have property liable to execution in this state equal to the sum to be secured.
' The law reposes this trust in the clerk for the protection of the defendant as his quasi agent in this ex-parte proceeding, and requires him to know at his peril that the surety whom he accepts possesses all the prerequisites before the defendant can be deprived of the possession of his property., He can dispense with none of them; and he by himself or his legally constituted deputy must take the bond. None other can do it.! As the paper filed as a bond in this ease was not taken by the clerk, nor in the manner prescribed, it was unauthorized, and the order for the attachment improperly issued.
This, was not a defective bond which could be remedied or substituted by a new one, as provided for in section 753 of the Civil Code. It was no such bond as is provided for by the Code.
Judgment affirmed.