Case 30.—ACTION BY THE COMMONWEALTH FOR THE USE OF THE COMMON SCHOOLS OF GARRARD COUNTY, AGAINST H. C. REID AND OTHERS SURETIES ON THE BOND OF GINN & CO., PUBLISHERS OF SCHOOL BOOKS.—June 12.

## Reiu, &c. v. Commonwealth, &c.

Appeal from Lincoln Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for Plaintiffs. Defendants appeal. Affirmed.

1. Schools—Publishers of Text-books—Execution of Bonds—Signature of Sureties—Acceptance—Under Kentucky Statutes, section 4424, requiring that publishers of text-books adopted for use in the common schools "shall execute before the ex-officio members of the State Board of Education" the bond required therein, the fact that the sureties signed the bond in Metcalfe county, where it was taken by an agent of appellant, with the understanding that it was to be brought to Frankfort and de-

Reid, &c. v. Commonwealth, &c.

livered, and after being signed by the sureties was acknowledged by them before the county clerk and was then brought by said agent to Frankfort and delivered by him to the superintendent of public instruction, and he and the assistant secretary of State accepted it and endorsed their approval thereon, the sureties are bound upon it when it was delivered and accepted, the officers deeming the certificate of the county clerk sufficient evidence of the genuineness of the signature of the sureties to warrant them in accepting it.

2. Same—Substantial Compliance with Statute—The requirement that the bond shall be executed before the officer is not for the protection of the sureties but for the protection of the Commonwealth. The failure to observe strictly the directions of the statute, where the statute is substantially complied with, can not operate to deprive the State of the security which the bond was designed to give.

3. Same—Ex-officio members of State Board of Education—Any Two May Act—Where the legislature said that the bond should be executed before the ex-officio members of the State Board of Education the natural meaning of the words is not that the bond is to be executed before the board of education as a board. The natural meaning of the words used is that the bond is to be executed before the officers who are ex-officio members of the State Board of Education, and as any two of the three may act an execution of the bond before any two of them satisfies the statute.

BECKNER & JOUETT and McQUOWN & BROWN, attys. for appellants.

AUTHORITIES CITED.

Ky. Statutes, sec. 4377, 4424; Hardin v. Owings, 1 Bibb., 214; Wallace v. Hall, 2 Dana, 27; Calloway v. Commonwealth, 4 Bush, 383; Lowe v. Phelps, 14 Bush, 642; Commonwealth v. Yarbrough, 94 Ky., 496; Fletcher v. Leight, Barrett & Co., 4 Bush, 303; Home v. Mitchell, 7 Bush, 131; Louisville Ry. Co. v. Masonic Sav. Bank, 12 Bush, 416; 20 Am. & Eng. Ency. of Law, 1211, 1212.

J. H. McMURTRY, LEWIS L. WALKER, W. I. WILLIAMS and M. C. SAUFLEY for appellees.

AUTHORITIES CITED.

Kentucky Statutes, 1903, sec. 4424, 4423; Commonwealth v. Ginn & Co., 111 Ky., 110; 23 Ky. L. Rep., 521; 63 S. W. 467;

Commonwealth v. Ginn & Co., 85 S. W. Rep., 689; 27 Ky. L. Rep., 486; The State, on the relation of Griswold, Auditor, v. Blair and others, 32 Ind., 313; Johnson, etc., v. Logan County, 111 Ky., 699; 23 Ky. L. Rep., 988; American Book Company v. Wells, County Superintendent, 83 S. W. Rep., 622; 26 Ky. L. Rep., 1159; 23 Am. & Eng. Enc. of Law, p. 458; Johnson, etc., v. Ginn & Co., 20 Ky. L. Rep., 1475.

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

On the first appeal of this case, the circuit court had sustained a demurrer to the plaintiff's petition. This court held the petition good, and remanded the case for further proceedings. See Commonwealth v. Ginn & Company, 111 Ky. 110, 23 Ky. L. R. 521; 63 S. W. 467. On the second appeal the circuit court had overruled the plaintiff's demurrer to the amended answer, and, plaintiff declining to plead further, it again dismissed the petition. This court held the amended answer insufficient and remanded the case for trial. See Commonwealth v. Ginn & Company, 120 Ky. 83; 85 S. W. 688, 27 Ky. Law Rep. 486. On the return of the case to the circuit court, it was tried on the merits, and, the plaintiffs having recovered, the defendants appeal.

The chief questions made on the appeal relate to the execution of the bond sued on. The statute requires that the publisher of the text-books adopted for use in the common schools "shall execute before the ex-officio members of the State board of education" the bond therein required. Ky. St. 1903, § 4424. It is insisted that the bond was not executed or accepted as required by the statute. The proof shows that the sureties resided in Metcalfe county, Ky. The bond, after it was signed by Ginn & Co., was taken by an agent of theirs to Metcalfe county, where it was signed by the sureties; he paying them $125 for signing the bond. After signing it they acknowledged the instrument before the county clerk, and it

was then brought by the agent to Frankfort and delivered by him to the superintendent of public instruction. He and the Assistant Secretary of State accepted it and indorsed their approval upon it: the Assistant Secretary of State acting in the absence of the secretary, and the Attorney General, the third member of the board, not being present. It is insisted that the bond is insufficient because it was not signed by the sureties in the presence of the officers who accepted and approved it. The sureties signed the bond in Metcalfe county, with the understanding that it was to be brought to Frankfort and delivered. The paper was not executed by them when they signed it. It was still their own writing while in the hands of their agent to bring to Frankfort, and might have been recalled by them at any time before it was delivered and accepted. It is undisputed that they signed the paper and intrusted it to the agent to bring it to Frankfort and deliver it. The paper was executed when it was delivered and accepted by the proper officers at Frankfort. The signing of the paper in Metcalfe county was one step in its execution, but its execution was not completed until the paper was delivered. The officers at Frankfort might have refused to accept a bond that was not signed before them, but the sureties who did sign this paper are bound upon it when it was delivered and accepted; the officers deeming the certificate of the county clerk sufficient evidence of the genuineness of the signature of the sureties to warrant them in accepting it.

In Hardin v. Owings, 1 Bibb, 214, a different question was presented. That was not a suit on a bond which had been accepted and acted upon, but was a motion to dismiss an appeal because the bond had not been executed in the presence of the clerk, as required by the statute. In Horne v. Mitchell, 7 Bush, 131, an attachment was discharged because the clerk had failed to take a bond before issuing the attachment

The case was substantially the same as Hardin v. Owings. But in Cobb v. Curts, 4 Litt. 235, where an injunction bond had not been signed before the clerk, it was held that, while this might have been good cause for quashing the bond, it was no defense to an action on the bond when the person giving it derived all the benefit from it which he could have derived from a bond executed in strict conformity to the statute. The purpose of the statute is to secure a bond about whose genuineness there can be no question for the protection of the commonwealth. The requirement that the bond shall be executed before the officer is not for the protection of the sureties, but for the protection of the commonwealth. The failure to observe strictly the directions of the statute, where the statute is substantially complied with, cannot operate to deprive the State of the security which the bond was designed to give. In the recent case of American Book Company v. Wells, 83 S. W. 627, 26 Ky. Law Rep. 1166, we said: "Statutes requiring bonds to be approved by certain officials are not for the purpose of protecting the obligors in the bond, but are aimed to protect the public, to insure their solvency, and to create evidence of an unimpeachable character of the fact of their execution. When they are executed for a legal purpose, before a proper tribunal, and are in fact accepted and approved by the officer or body whose duty it was to approve them, it could serve no useful purpose of the law to hold them invalid, to release all the obligors thereon, and to defeat every purpose of their execution, simply because the fact of approval was not indorsed precisely as had been directed by the Legislature. The bond is valid if in fact executed, delivered, and accepted substantially in the manner pointed out by the law." There are a number of cases in which bonds taken by a county court at a time when it had no power to take a bond have been held void, but these cases all rest

upon the idea that the officer taking the bond was at the time without power to act, and that there was, therefore no acceptance of the bond. In Louisville City Railway Company v. Masonic Saving Bank, 12 Bush, 416, the bond was not accepted by the officer who was authorized to take it. But the entire trend of modern authorities is in favor of upholding bonds in favor of the public which have been duly accepted by the proper officer after they have been acted on, although the statutory directions in the manner of taking them have not been strictly followed. In 4 Am. & Eng. Ency. of Law, 669, the rule as to the validity of statutory bonds is thus stated: "Signing, acknowledgment, or justification before a designated officer, when prescribed by a statute, are directory merely, and an omission in this respect is not ground for avoidance of the bond by the principal obligor or his sureties." See, also, Sanders' Adm'r v. Buck, 2 J. J. Marsh, 478; Commonwealth v. Gabbert's Adm'r, 5 Bush, 438; Johnson v. Logan County, 111 Ky. 669, 23 Ky. L. R. 988, 64 S. W. 634; Griswold v. Blair, 32 Ind. 313; Jones v. State, 37 Am. Dec. 180; Mendocino County v. Morris, 32 Cal. 145; People v. Laning, 73 Mich. 284, 41 N. W. 424, Marshal v. Hamilton, 41 Miss. 234; Murfree on Official Bonds, § 169.

If the sureties had signed in Metcalfe county and acknowledged before the county clerk a power of attorney to the agent to sign their names to the bond, and had sent him to Frankfort with that paper to execute the bond, there would have been a literal compliance with the statute when he signed their names to the bond and delivered it. But the transaction was substantially the same when they signed and acknowledged before the clerk the bond itself and sent that by the agent to deliver to the State, and, the State having accepted it after all the benefits has been derived from the bond that could have been secured in any event, the sureties cannot escape liability be-

cause they did not sign the bond before the officers who accepted it. By section 4377, Ky. St. 1903, the State board of education is made a body politic and corporate. By section 4379 the superintendent of public instruction shall be chairman of the board, and with one other member of the board may control its corporate action at any regular or called meeting of which they have had timely notice in writing. By section 4380 the board shall meet on the written call of the chairman. It is insisted that there was no written call of the chairman for the meeting when the bond in question was accepted, and that all the members had not timely notice in writing of the meeting. The testimony shows that a record of the meeting was made, and that it is lost, but we do not deem this evidence material. The sections referred to are a part of article 3 of the school law. This article relates to the board of education. Section 4424 regulating the taking of the bond, is a part of article 6, the subject of which is the county board of examiners. It has no reference to the State board of education. The language of the statute in regard to the bond is that it shall be executed "before the ex-officio members of the State board of education." If the Legislature had said that the bond should be executed before the members of the State board of education, it might more reasonably be argued that it meant that the bond should be executed before the board, as a body politic and corporate. But when the Legislature said that the bond should be executed before the ex-officio members of the State board of education, the natural meaning of the words is not that the bond is to be executed before the board of education as a board. To give it this meaning we must disregard entirely the word "ex-officio members." The natural meaning of the words used by the Legislature is that the bond is to be executed before the officers, who are ex-officio members of the State board of education, and,

as any two of the three may act, an execution of the bond before any two of them satisfies the statute. In the case of American Book Company v. Wells, above referred to, the court, on this subject, said: ''The statute required the publishers to execute bond before the ex-officio members of state board of education, and it was made the duty of the ex-officio members of the said State board of education to accept and file said bond in the office of the superintendent of public instruction.' Section 4424, Ky. St. 1903. The approval of the members seems to be the only approval required, and, as indorsed on the bond in this case, satisfied every purpose of the law.'' This question was not presented on the first appeal of the case. The case was here then simply on a demurrer to the petition. No answer had been filed, and the court only meant to say that these matters could not be considered upon demurrer to the petition.

The question of fact as to the books, being substantially the same, was fairly submitted to the jury, and on all the evidence we see no reason for disturbing their verdict.

Judgment affirmed.