APRIL TERM, 1838.

Muldrow
v.
Bates

5   214
65a   8

### WILLIAM MULDROW v. MOSES D. BATES.

In petition and summons, the sheriff's return stated that he had read the *summons* to defendant, but did not state that he had either read the *petition* or left a copy, &c. Held, that after judgment by default, the return of the sheriff may be amended, in pursuance of the 7th and 8th sec. 6th art. of the act respecting practice at law, either in the circuit or the supreme court.

*Bates* and *Carnegy*, counsel for appellant.

*U. Wright*, counsel for appellee.

Opinion delivered by McGIRK, Judge.

The plaintiff in error, Muldrow, was sued in the circuit court of Marion county, by a proceeding enacted by the statute of the State—a petition and summons; a writ issued on the same, commanding the sheriff of Marion county to summon the defendant to appear on a certain day in the circuit court, to answer the plaintiff the demand.

The sheriff returned on the writ, that he had served the same by reading the summons to the defendant; but the sheriff failed to say on his return whether he had or not

read the petition to the defendant. On the return day of the writ, the defendant failed to appear to the suit, and a judgment was taken against him by default. During the same term, he appeared and moved to set aside the judgment by default, which the court refused to do; to reverse which, the cause is brought to this court. Several errors are assigned, but the only one relied on is the refusal of the court to set aside the judgment by default. When the cause was called for argument, the defendant in error moved the court for leave for the sheriff to now amend his return. This leave is resisted by Messrs. Carnegy and Bates, for the plaintiff in error; and supported by Mr. Wright, for the defendant.

To support the motion, the counsel for the defendant, cites and relies on the 7th and 8th sections of the 6th article concerning practice at law, Rev. Code, 468-9.

The 7th section says, that when a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed; nor shall the judgment upon such verdict, or any judgment upon confession, default, &c. be reversed, impaired, or in any way affected, by reason of the following imperfections: omissions, defects, matters or things, or any of them, in the pleading, process, proceeding, or record—namely:

First. For want of any writ, original or judicial.

Second. For any default or defect of process, or for misconceiving any process, or awarding the same to a wrong officer, &c.

Third. For any imperfect or insufficient return of any sheriff, or other officer, or that the name of such officer is not set to any return actually made by him.

The section then proceeds to enumerate, in all, about twenty other things, in like manner. Then the 8th section says, the omissions or imperfections, defects and variances, in the preceding section enumerated, and *all others* of the like nature, not being against the right and justice of the matter of the suit, and not altering the issues between the parties on the trial, shall be supplied and amended by the court, where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error or appeal.

It is insisted by the counsel for the defendant in error, that the third specification in the 7th section is exactly the thing which may be amended. I have no doubt that it is so. The specification is, that a judgment shall not be stayed or reversed for any imperfect or insufficient return of any sheriff. In the case at bar, the return is,

APRIL TERM, 1838.

Muldrow
v.
Bates.

In petition and summons, the sheriff's return stated that he had read the *summons* to defendant, but did not state that he had either read the *petition* or left a copy, &c. Held, that after judgment by default, the return of the sheriff may be amended, in pursuance of the 7th and 8th sec. 6th art. of the act respecting practice at law, either in the circuit or supreme court.

APRIL TERM,
1838.

Muldrow
v.
Bates.

were it not for the statute, clearly both imperfect and insufficient, for the law requires that the petition should be read to the party, or in some cases a copy left at his usual place of abode; were it not for the statute, the judgment would be reversed; and were it not for this statute, the court below ought to have set aside the judgment by default. If the application to amend had been made in the circuit court, I think the motion should have been granted, for the 8th section expressly says it shall be so. But the first part of the 7th section says, for this default and defect the judgment shall not be reversed in any event; and the 8th section says, the supreme court shall supply this very defect, and all others of a like kind: provided such others shall not be against the right and justice of the matter of the suit, and not altering the issue between the parties on the trial. But the counsel insist that all the defects before named in the 7th section, and those of like kind, are alike subject to the condition, that they must not be against the right of the matter of the suit, and do not alter the issue on the trial between the parties. I do not think this a fair reading of the statute. I admit, however, there is some difficulty in the matter, and the difficulty is this: the 7th section says the judgment shall not be reversed for this defect, and yet the 8th section allows the defect to be amended by this court. Why the thing should be amended at all, if no consequence is to flow from the neglect, I cannot see. The fact that the 8th sec. allows the amendment to be made, proves the legislature did not mean quite as much as expressed in the 7th section. If the judgment is not to be reversed, the amendment is useless. On this, my difficulty rests. But I believe the best way is to permit the amendment to be made, and if the truth should turn out to be that the petition, as well as the summons, was read, then all will be right. But if the truth should be otherwise, then the plaintiff in error will be entitled to a reversal of judgment, on the ground that the service was insufficient. It is objected, that to allow the amendment will be the exercise of original jurisdiction, as that matter never passed before the court; I do not so understand the matter. We might as well be told that the same brief and speech of the parties, in the court below, should be brought up here, as to say this. It is objected that, in regard to making amended returns, the sheriff is no officer of this court, and that he is not responsible for the falsity of such return. I ask how can that be? The law says the amendment can be made here; indeed it says

it shall be made here. This is the language of the 8th section. If it is made here by the sheriff, he is bound to make it according to truth.

My opinion is, that the amendment ought to be allowed, though I do not say I am entirely clear.

EDWARDS, Judge.—I concur.

TOMPKINS, Judge.—I concur in this opinion, entertaining little or no doubt of the correctness of the decision.