VINCENT CONNOR, Respondent, v. W. S. POPE, Garnishee of B. W. TAYLOR, Appellant.

Kansas City Court of Appeals, May 25, 1885.

1. GARNISHMENT—CHARACTER OF SERVICE UPON GARNISHEE—INSUFFICIENCY OF RETURN—CASE ADJUDGED.—The statute requires that "when goods and chattels, money and evidences of debt are to be attached," and are not accessible, that the officer serving process upon the garnishee "shall declare to the person in possession thereof, that he attaches the same in his hands" (subdivision IV of section 420, attachment act, Revised Statutes, Missouri, 1879), and "summon such person as garnishee." The only legitimate evidence of such attachment is to be found in the return to the writ, and if the return does not show that anything was attached in the hands of the garnishee, the court acquires, as to him, no jurisdiction. The return in this case was "executed, etc., by declaring to W. S. Pope, a garnishee, that I did summon him to appear at the return term of this writ to answer the interrogatories which may be exhibited against him by the plaintiff ; and by reading it (the writ) to him." *Held*, insufficient to bring the *res* into court so as to authorize a judgment against garnishee. Following *Norville v. Porter*, 62 Mo. 310 ; *Keane v. Bartholow*, 4 Mo. App. 507.

2. ———— EFFECT OF ANSWER BY GARNISHEE NOTWITHSTANDING DEFECTIVE PROCESS—GARNISHEE HAS NO POWER TO WAIVE RIGHTS OF OWNER.—If the process is defective it can make no difference should the garnishee answer admitting funds of the defendant debtor in his hands. The summons and notice to the garnishee perform a two-fold office. The *summons* is to bring him into court, and this is essential to give the court jurisdiction over the person of the garnishee. The *notice* by which the sheriff is required to declare to the garnishee that he attaches in his hands, etc., is the means by which the thing—the property or debt—is brought into court, and is the indispensable pre-requisite to confer jurisdiction over the subject matter ; the proceeding is *quasi in rem*. The garnishee has no power to waive a right relating to the property or credit of another. "The right of such owner, the garnishee, a mere stakeholder, can not destroy, nor can his voluntary acts do away with those steps which the law prescribes as necessary in order that the property may be held as against the owner." *Epstein v. Salorgne*, 6 Mo. App. 354.

3. ———— CONSTRUCTION OF SECTIONS 2520 AND 2518, REVISED STATUTES, 1879.—The provisions of the statute as to the effect of notice (sect. 2520), contemplate a notice pursuant to the statute (section 420, sub-

division IV, Revised Statutes, 1879), and whether the proceeding in garnishment is under a writ of *fieri facias*, or under an attachment, it is expressly provided that the service shall be the same. Sect. 2518, Rev. Stat., Mo. 1879.

APPEAL from Miller Circuit Court, Hon. E. L. EDWARDS, J.

*Reversed.*

Statement of case by the court.

In March, 1877, the plaintiff, respondent here, sued out writ of attachment in the Miller circuit court against B. W. Taylor. W. S. Pope was brought in to the case as garnishee on the following return made by the sheriff on the writ:

"Executed the within writ in the county of Miller and state of Missouri, on the 29th day of March, 1877, by reading to Winfield S. Pope, a garnishee, that I did summon him to appear at the return term of this writ to answer the interrogatories which may be exhibited against him by the plaintiff, and by reading it to him." On the day of its return, Pope appeared and made answer to the interrogatories exhibited in the case, admitting that he had collected for said Taylor, and then had in his hands the sum of $628.71.

Afterwards, J. Ed. Belch interpleaded, claiming the said sum of money in Pope's hands as an assignee under Taylor to secure to him a debt of $250.00 owing him by Taylor.

Thereafter Pope filed motion to dismiss the garnishment proceedings for the reason, *inter alia*, that the court had not acquired jurisdiction over the subject matter to proceed to judgment against him as such garnishee.

The court overruled this motion and dismissed the interplea of Belch; and then found the issues for the plaintiff, and rendered judgment against Pope for the sum of $628.71. After ineffectual motions for new trial and in arrest of judgment, Pope prosecutes this appeal.

W. S. POPE and EDWIN SILVER, for appellant.

I. The return of the sheriff did not give the court jurisdiction. *Norvell v. Porter*, 62 Mo. 309.

II. The garnishee filed his motion to dismiss before the trial of the issues on the garnishment. He also filed his motion for new trial and in arrest, setting up the same objection to the jurisdiction of the court.

MOORE & WILLIAMS, and G. T. WHITE, and TRABEE & GIBSON, for respondent.

I. The only issue that was submitted to the court to be tried under the answer and denial of the garnishee was, whether he had more of the money of Taylor in his hands than the amount he confessed by his two answers, filed three years apart that he had; and the court properly disregarded all the testimony about the money having been assigned to Belch.

II. The case in 62 Mo. 309 is very different from this. There defendants moved to quash and the court say that pending that motion the sheriff might have amended. The defendant there, *then* filed a plea in abatement and this being overruled, pleaded to the merits. The court held that after excepting, the point was sufficiently saved for review. But the supreme court in this case (62 Mo. 309) seems to have overlooked section 4, page 664, Wagner's Statutes, providing for the effect of notices as "of attaching all property, etc., under his control at the time of the service of the garnishment, or which may come into his possession, etc., between that time and the time of filing of his answer." This does not require the sheriff to make the declaration in serving a garnishment that the supreme court mentions. Besides at the time of service of the garnishment there might be nothing in the garnishee's hands, and yet there might be before he answered.

III. But in addition to all this, there was such an *appearance* of the garnishee as gave the court jurisdiction. *Ser v. Roberts*, 8 Mo. 506; *Blunt v. R. R.*, 55 Mo. 157; *Peters v. R. R.*, 59 Mo. 406; *Hulet v. Nugent*, 71 Mo. 135; *Andrews v. Barbee*, 77 Mo. 429; *Boulware v. R. R.*, 79 Mo. 494; *Grant v. R. R.*, 79 Mo. 502.

Opinion by Philips, P. J.

The principal and controlling question presented by this record is, did the circuit court acquire jurisdiction over the subject matter so as to authorize it to render judgment against Pope as garnishee?

This question must be answered in the negative. The return of the sheriff fails to show that he made the declaration to the garnishee, required by the statute, essential to bind the property or debt in his hands. The return is not distinguishable in principle from those in the cases of *Norville v. Porter*, 62 Mo. 310; *Keane v. Bartholow et al.*, 4 Mo. App. 507; and *Brecht v. Corby*, 7 Mo. App. 300. In all of which it is held that the return is insufficient to bring the *res* into court so as to authorize a judgment against the garnishee.

It would be a needless repetition to re-state the reasons and authorities on which those cases rest. It is sufficient to say, that the decisions are so pertinent and satisfactory as to be conclusive to our minds.

It can make no difference that the garnishee answered admitting funds of the defendant debtor in his hands. The summons and notice to the garnishee perform a two-fold office. The summons is to bring him into court. This is essential, to give the court jurisdiction over the person of the garnishee. The notice, by which the sheriff is required to declare to the garnishee that he attaches in his hands the debt, etc., is the means by which the thing—the property or debt—is brought into court, and is the indispensable pre-requisite to confer jurisdiction over the subject matter. The proceeding is *quasi in rem*.

It may be conceded, for the purposes of this case, that the garnishee might waive the service of summons on himself, or any right that is personal to himself; yet, he has no power to waive a right "which relates not to himself, but to the property or credit. The owner of the property, whoever he may be (and the court has no right to assume at the outset that the defendant in the execution, or writ, is the owner), has the right to insist that his property, whether in another person's hands or not,

shall be taken only according to law. The right of such owner, the garnishee, a mere stakeholder, can not destroy, nor can his voluntary acts do away with those steps which the law prescribes as necessary in order that the property may be held as against the owner." *Epstein v. Salorgne*, 6 Mo. App. 354–5. The question of jurisdiction over the subject, the thing, goes to the very power of the court to proceed to adjudicate the rights of the debtor defendant to the property. It was the duty of the garnishee to raise this issue for his own protection. The proper time and place for him to have raised it, no doubt, was on his first appearance, yet he can raise it at any stage of the proceedings.   *Epstein v. Salorgne*, *supra*, 356.

It is suggested by the learned counsel for respondent that the courts in ruling as they have on this question, entirely overlooked section 4, pages 664–5, Wagner's Statutes (sect. 2520, Rev. Stat. 1879), which provides that notice of garnishment, under that chapter, shall have the effect to bind all the property, etc., under the control of the garnishee, not only at the time of the service of notice on him, but "which may come into his possession, etc., between that time and the time of filing his answer." It is then asserted by counsel that "this chapter does not require the sheriff to make the declaration in serving a garnishment that the supreme court maintains."

We do not perceive the force of this criticism. In the first place the proceeding at bar is under an attachment and not under a writ of *fieri facias*. And in the second place, under the chapter concerning garnishment (sect. 2518) it is expressly provided that . "The service of garnishment in such case, and the subsequent proceedings against and in behalf of the garnishee, shall be the same as in the case of garnishment under an attachment."

It follows that the judgment of the circuit court must be reversed and the cause remanded with directions to the circuit court to discharge the garnishee.   All concur.