J. T. BUNTON to use of MAC CLEM, an infant, who sues by W. B. CLEM, his next friend, Respondent, v. S. C. ADAMS *et al.*, Appellants.

St. Louis Court of Appeals, January 21, 1896.

1. **Justices' Courts:** APPOINTMENT OF NEXT FRIEND FOR MINOR. The appointment of a next friend for an infant in proceedings instituted before a justice of the peace need not be preceded by the infant's application therefor in writing.

2. ———: EXECUTION: AMENDMENT OF RETURN: JURISDICTION. A return to an execution issued by a justice of the peace may only be amended in the circuit court in the course of the pendency of the cause in that court on appeal; the mere fact that such a return is offered in evidence in the circuit court does not warrant its amendment in that court.

3. **Practice, Appellate:** NONPREJUDICIAL ERROR. But the erroneous reception in evidence of an amendment thus allowed by the circuit court without warrant will not justify the reversal of the judgment in the cause, when the facts shown by the amended return appear from other undisputed evidence, so that, upon the whole, the judgment was for the right party.

4. **Justices' Courts:** SUFFICIENCY OF STATEMENT. The statement in a suit instituted before a justice of the peace states a cause of action, when it advises the defendant what he is called upon to answer.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* for appellants.

*Edmonston & Cullen* for respondent.

ROMBAUER, P. J.—The suit is upon an indemnifying bond taken by a constable under the provisions of section 6311 of the Revised Statutes of 1889, and

was instituted before a justice of the peace. The condition of the bond is to pay and satisfy any person or persons claiming title to such property all damages which such person or persons may sustain in consequence of such seizure and sale. The statute provides that, if such bond and security be given, it shall be returned to the justice with the execution, and the claimant may, in the name of the officer to whom the bond is payable, prosecute his or her action upon the bond, and recover such damages as the jury may assess.

Upon a trial of the cause before the circuit court on appeal, the plaintiff recovered judgment for the penalty of the bond with an award of execution for the damages found by the court. The defendants appealed, and now assign for error that the plaintiff has shown no capacity to sue, that the court admitted illegal evidence against them, and that the plaintiff offered no substantial evidence warranting the judgment rendered.

The first point is based on the assumption that the record fails to disclose the valid appointment of a next friend for the infant plaintiff. This contention is untenable. Section 6194 of the Revised Statutes of 1889 provides that, whenever requested, the justice shall appoint some suitable person who will consent thereto in writing to be *named* by such plaintiff to act as his next friend, and the papers offered in evidence show that this was done before the institution of the present suit. The appointment of a next friend for an infant in proceedings instituted before a justice of the peace need not be preceded by the infant's *written* application.

The constable's return on the execution on which the bond was taken failed to disclose any valid levy or sale. The court thereupon permitted the constable,

against the defendants' objections, to amend the return, so as to supply these defects. This was error. The statute, section 2111, provides that returns made by officers may be amended in matters of form by the *court to which such return shall be made.* While it has been decided that a return made in a justice's court may be amended by the officer in the circuit court to which the case is taken on appeal (*Transier v. Railroad*, 54 Mo. 189), and a return of a sheriff may be amended even in the supreme court where the case is pending on appeal (*Muldrow v. Bates*, 5 Mo. 214), yet the amendment must be made in the case then before the court on trial and the records of which are before the court. The amendment of a return in a cause pending in one court by another court in which the return is offered in evidence is a proceeding for which there is no warrant in the statute. *State ex rel. v. Rayburn*, 22 Mo. App. 303.

The respondent claims that, conceding there was error in this amendment, yet the judgment should be upheld, because there was ample evidence in the case, *aliunde*, that the plaintiff's property had been sold on the execution in question, and thus became lost to him. The case is brought here by certificate under the second alternative provision of section 2253. The appellant's abstract, among other things, contains the following statement:

"Plaintiff offered evidence showing the horse levied upon, and sold by the constable under said execution, was the property of the above named Mac Clem, who was an infant over the age of fourteen years; that plaintiff acquired no part of said horse from his father, or from any person akin to him, but that said horse was purchased by plaintiff with the proceeds of the sale of stock given to him by one Jas. Callaway, who owned the farm on which plaintiff's father had lived

Bunton v. Adams.

for years; that plaintiff's father had turned him out years before to shift for himself, and that said plaintiff had clothed himself and paid his own expenses for years; that plaintiff was now of the age of twenty years; that plaintiff kept said horse at the Fair Grounds, and was training it for a runner; that what time he stayed at his father's he and his stock did work for his father to pay his board, and for what feed his stock ate of his father's; that said horse was of the value of $75 to $200; that plaintiff's father had given him his own time, allowed him to collect his own wages, and to spend and invest it as he saw fit. Plaintiff also offered evidence tending to show that, after the horse was seized by the constable under execution, he filed a claim to said horse, duly verified and of the form required by law, and that the constable then took the bond sued on from the defendant."

The plaintiff claims that the evidence is sufficient to uphold the judgment, even if the amended return of the execution be rejected. This view is correct. The execution of the indemnity bond by defendants is confessed. The foregoing evidence shows that the constable took the indemnity bond in consequence of a claim made by the plaintiff; that the horse was the plaintiff's property; that it was sold by the constable on the execution, and that its value was in excess of the damages awarded to the plaintiff in the present action. What the character of the evidence was by which these facts were established nowhere appears, nor does it anywhere appear that any objection was interposed by the defendants to its reception, nor is its effect challenged by instruction in any manner. We can, therefore, not say that all the facts essential to plaintiff's recovery were not shown by legal evidence. As this evidence appears to have been wholly uncontradicted, it necessarily results that the judgment of

the court was for the right party, even though it erred in admitting other evidence tending to show part of the same facts. *Deal v. Cooper*, 94 Mo. 62.

There is no merit in the objection, that the plaintiff's statement fails to state a cause of action. The statement was filed before a justice of the peace, and fully advises the defendants what they are called upon to answer. The capacity in which the nominal plaintiff sues to the use of the beneficial plaintiff fully appears by the averments of the statement.

All the judges concurring, the judgment is affirmed.