Case 11.—ACTION BY THE COMMONWEALTH OF KENTUCKY
AGAINST GINN & CO. TO RECOVER DAMAGES FOR
BREACH OF SCHOOL BOOK BOND.—March 9.

## Commonwealth, &c. v. Ginn & Co., &c.

Appeal from Lincoln Circuit Court.

M. C. SAUFLEY, Circuit Judge.

From a judgment dismissing the petition plaintiff
appeals.    Reversed.

School Books—Publishers—Discrimination in Sale—Execution of
Bond—Acceptance—Authority of Assistant Secretary of State
—Presumptions.

School Books—Publishers—Discrimination in Sale—Execution of
Bond—Authority to Accept—Action on Bond—Presumptions—
Section 448, Kentucky Statutes, provides that "where an
act is required to be done by three or more, when done by a
majority of them it will be deemed the act of all." Section
4541 provides "that the Secretary of State, with the assent of
the Governor, may appoint an Assistant Secretary, who, in
case of absence or indisposition of the principal, may do the
business of the office in his name." By sec. 4377 "the Super-
intendent of Public Instruction, together with the Secretary
of State and the Attorney General, shall constitute the State
Board of Education," of which board, by section 4379, the
superintendent is made chairman. Section 4424 requires "the
publishers of school books to execute before the ex-officio mem-
bers of the State Board of Education the bond therein re-
quired." In an action by the Commonwealth on the bond
of appellees, Ginn & Co., school book publishers, to recover
the penalty for its breach, which was filed with and approved
and accepted by the superintendent of public instruction and
Assistant Secretary of State, the presumption that at the time
of such approval the Secretary of State was absent or indis-
posed is not overcome by the filing of an answer by the ap-
pellees, Ginn & Co., that "the bond was approved on October
20, 1896, not later than 9:30 o'clock, a. m., in the city of Frank-
fort, and that the Secretary of State left said city on that day
at 9:50 o'clock, a. m., for a temporary purpose only, viz., to
make speeches in a political campaign, and would certainly
return in a few days, and there was no occasion in passing

immediately on the acceptance of the bond; that the schools throughout the State for that year had begun, and the books for that year had been adopted and were being used at that time," the pleading must be taken against the pleader, and it must be presumed, from the facts stated, that the Secretary of State was not at his office when the bond was accepted, but was preparing to leave Frankfort, and had absented himself from his office with the purpose of not returning for a few days, and a demurrer to this plea should have been sustained.

W. G. WELCH, LEWIS L. WALKER, J. H. McMURTRY and

W. I. WILLIAMS, for appellants.

### WHAT IS MEANT BY THE WORD "ABSENCE."

1. Primarily the question on this appeal is, did the lower court err in overruling the plaintiffs' demurrer to the defendants' 4th amended answer? We answer the question affirmatively; and we believe we are right in so doing. Let us see. The bond sued on was examined and approved by W. J. Davidson, Superintendent of Public Instruction, and E. D. Guffy, Assistant Secretary of State, acting as the State Board of Education. Your Honors said on the first appeal of this case: "Any official duty required of the Secretary of State may be performed by his assistant in the absence or indicposition of the principal."

2. "It must be presumed, when the Assistant Secretary of State, who acts under oath, affects to officiate in his official capacity, that his principal is either absent or indisposed. Of course it is permissible to rebut such presumption upon proper allegation and proof. It being alleged in the petition that the bond sued on was accepted and approved by the State Board of Education, that averment will be held sufficient; and that it was not so approved, or that the Secretary of State was present or indisposed, or that the Board had not notice in writing signed by the chairman, are all matters of defense, and can not be considered upon demurrer to the petition.

3. Was there such necessity for immediate attention as to require the bond to be passed on without waiting for the Secretary to return? There was. Who is to be the judge of whether such necessity existed? Evidently the Superintendent of Public Instruction, Mr. W. J. Davidson, thought that such necessity existed; evidently the members, then in Frankfort, of the State Board of Education all thought as did the Superintendent, for action was taken on the very day the bond was presented, to-wit, October 20th, 1896; and we call on you to note that the defendants do not ascribe any improper motive to the Board in thus passing on the bond the very day it was presented. There is no allegation that

Commonwealth, &c. v. Ginn & Co., &c.

the Board, or any member thereof, acted in bad faith; that the
Board, or any member thereof, was seeking to take advantage of
the absence of the Secretary of State, who was away on a stump-
ing tour.

4. It is a rule of common sense, as well as a familiar principle
of law, that statutes shall, if possible, be so construed as to ac-
complish the end which the Legislature had in view, and not so as
to defeat it; and remedial statutes must be liberally construed to
advance the remedy for the mischief for the cure whereof they
were enacted.

### AUTHORITIES CITED.

Commonwealth, &c. v. Ginn & Co., 23 Ky. Law Rep., 521, 63 S.
,W., 467; Ky. Stat., sec. 4541; Watkins v. Mooney, 24 Ky. Law Rep.,
1469; Ky. Stat., sec. 3204; The State, on the relation of Griswold,
Auditor v. Blair, et al.; 32 Indiana, 313; Johnson, &c. v. Logan
County, 23 Ky. Law Rep., 988; 23 Amer. and Eng. Ency., 458;
Johnson, et al. v. Ginn & Co., 20 Law Rep., 1475.

BECKNER & JOUETT, for appellees.

J. H. HAZELRIGG, of counsel.

### QUESTIONS AND AUTHORITIES.

1. Absence such as authorizes the Assistant Secretary of State
to act for the Secretary of State as a member of the State Board
of Education means not only the physical absence of the latter
from Frankfort, but also such absence as gives assurance that his
attendance can not be had within a reasonable time to discharge a
duty, which demands immediate attention. (Commonwealth v.
Ginn & Co., 23 Ky. Law Rep., 521; Watkins v. Mooney, 24 Ky.
Law Rep., 1469; Lynde v. The County, 16 Wall. [U. S.], 6; State v.
Graham, 21 Am. Rep., 551.)

2. The bond required of publishers of text-books for common
schools must be executed before the ex-officio members of the
State Board of Education and accepted at a regular meeting of
said Board, or at a called meeting of which all the members have
had timely notice in writing. (Ky. Stats. sec. 4424; Com. v. Ginn
& Co., 23 Ky. Law Rep., 521.)

3. Said bond being highly penal in its nature, all the provisions
of the statute regarding it must be strictly complied with. (Judy
v. Howard, 2 Met., 46; Hardin v. Owings, 1 Bibb, 214; Carrington
v. Herrin, 4 Bush, 624; Horne v. Mitchell, 7 Bush, 131; Lou. City
R'y Co. v. Savings Bank, 12 Bush, 416; Couchman v. Lisle, 17 Ky.
Law Rep., 1295.)

4. Estoppel will not avail as against sureties, who have done no
more than to sign a bond, which was not executed as the law re-

quired, and which has not been accepted by the party to whom given.   (Am. & Eng. Enc. of Law [1st Ed.], Vol. 7, p. 1.)

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

On the former appeal of this case (see Commonwealth v. Ginn & Co., 63 S. W., 467, 23 Ky. Law Rep., 521), it was held that the plaintiffs could maintain an action to recover the entire $10,000 stipulated as liquidated damages, if there had been a breach of the bond. The case was here on a demurrer to the petition, and, among other things, it was insisted for the appellees that the record failed to show that the bond had been accepted. In answer to this objection the court said: "Another question presented in the argument is, the bond, a copy of which is filed with the petition, shows that it was 'examined and approved in accordance with section 62, Common School Law (Acts 1891-93, p. 1440, c. 260), October 20, 1896. (Signed.) W. J. Davidson, Superintendent of Public Instruction. E. D. Guffy, Assistant Secretary of State.' By section 4377, Ky. St., 1903, the Superintendent of Public Instruction, together with the Secretary of State and Attorney General, shall constitute the 'State Board of Education;' and by section 4379 the superintendent is made its chairman, with power to call meetings of the board, of which all the members shall have timely notice in writing. It appears that but two members acted, if the Assistant Secretary of State was authorized to act as a member of it. Under section 448, Ky. St., 1903, where an act is required to be done by three or more, when done by a majority of them, it will be deemed the act of all. Section 4541, Ky. St., 1903, provides: 'The Secretary of State, with the assent of the Governor, may appoint an assistant secretary, who, in case of absence or indisposition of the principal, may do the business of his office in his name, and

the secretary shall be responsible for the acts of such' assistant, who, before he acts under such appointment, must take the oath prescribed by the Constitution.' Thus, it will be seen, any official duty required of the Secretary of State may be performed by his assistant in the absence or indisposition of the principal. It must be presumed, when the Assistant Secretary of State, who acts under oath, affects to officiate in his official capacity, that his principal is either absent or indisposed. Of course, it is permissible to rebut such presumption upon proper allegation and proof. It being alleged in the petition and amended petition that the bond sued on was accepted and approved by the State Board of Education, that averment will be held sufficient, and that it was not so approved, or that the Secretary of State was present or not indisposed, or that the board had not notice in writing, signed by the chairman, are all matters of defense, and can not be considered upon demurrer to the petition.''

On the return of the case to the circuit court the defendants filed an answer denying that the bond was accepted or approved by the State Board of Education, and, being required by the court to make certain averments in the answer more specific, they filed the following amended answer: "Defendants, Reid, Beauchamp and Price, for amendment to their answer say that the paper sued on as a bond herein was presented to the Superintendent of Public Instruction at an early hour on the morning of October 20, 1896, at his office in the capitol building at Frankfort, Kentucky, and not later than 9:30 o'clock a. m. of said day; that the Secretary of State had been in said Frankfort the night before, and left Frankfort for Louisville, as defendants believe and state, at 9:50 o'clock a. m. on the same day,

for a temporary purpose only, to-wit, to make speeches in a political campaign, and would certainly return within a few days, as the election was then near at hand; that there was no occasion for passing immediately on the acceptance of said bond; that the common schools throughout the State had been begun, and the books for that year had been adopted, and were being used at that time. And, having amended, defendants pray as before.'' The plaintiffs demurred to the answer as thus amended, and, their demurrer being overruled, stood by their demurrer, and, their petition having been dismissed, they appeal.

Section 4424, Ky. St., 1903, requires the publisher of school books to ''execute before the ex-officio members of the State Board of Education the bond herein required.'' It was held on the former appeal that the Assistant Secretary of State could act in the place of the Secretary of State in taking the bond in the absence or indisposition of the secretary. It was also held then that the act of any two of the board must be deemed the act of all three, as a majority of them were authorized to act. The bond was approved by W. J. Davidson, the Superintendent of Public Instruction, and E. D. Guffy, the Assistant Secretary of State, which was sufficient, in case of the absence or indisposition of the Secretary of State. So the question on the appeal is, do the facts stated in the amended answer show that the Secretary of State was not absent at the time the bond was accepted? It will be observed that it is alleged in the amended answer that the bond was accepted not later than 9:30 a. m., and that the Secretary of State left Frankfort at 9:50 a. m. for the purpose of being away a few days on a stumping tour, and that there was no occasion for passing immediately on the acceptance of the bond, as the schools had then begun, and the books for that

year had been adopted.  The pleading must be taken
against the pleader, and it must be presumed from the
facts stated that the Secretary of State was not at
his office when the bond was accepted, but that he was
preparing to leave Frankfort, and had absented him-
self from his office with the purpose of not returning
for a few days.  We must give some force to the
word "Indisposition," as well as to the word "ab-
sence" in the statute.  Its meaning is that when the
Secretary of State is not on hand to carry on the busi-
ness of the office it may be transacted by the assistant
secretary.  In other words, it was not intended that
the business of the office should stop when the secre-
tary was sick, at home, or absent for other reasons.
While a mere physical absence will not alone be suffi-
cient in a matter not requiring immediate attention,
when he left the office in charge of the assistant sec-
retary, with the intention of absenting himself from
the seat of government on a stumping tour, the inter-
ests of the Commonwealth required that the business
of the office should go on.  Ginn & Co. had a right to
present their bond.  They had a right to ask that it
should be either accepted or rejected, so that, if re-
jected, they might tender a better bond.  We do not
well perceive what business the assistant secretary
could carry on in the absence of his principal if he
could not accept or reject a bond.  While, no doubt,
in such cases the matter might have waited for the re-
turn of the secretary, still they were entitled to have
their bond passed on then.  The purpose of the statute
would be entirely defeated if everything that could
be put off must be postponed until the return of the
secretary in case of his absence from his office.  This
would not only prevent the prompt transaction of the
business of the office, but it would often cause an ac-

cumulation of business which would seriously impair its efficiency.

The case of Watkins v. Mooney, 24 Ky. Law Rep., 1469, 71 S. W., 622, is relied on for appellees. But that case was a controversy between an appointee of the mayor and an appointee of the president of the board of aldermen, the latter appointment having been made during the temporary absence of the mayor from the city, although the mayor had previously made an appointment to fill the vacancy. A special meeting of the board of aldermen was called when the mayor had come to Frankfort to appear before a legislative committee, and it was a transparent effort to subvert the policy of the mayor by running the matter through in his absence. Such a maneuver was not contemplated by the statute, and it was properly said in that case that until the Legislature has spoken more definitely, the court must determine each case largely upon the particular facts presented. In this case there is no conflict between the action of the secretary and the assistant. All parties acquiesced in the regularity of the action of the assistant secretary. Ginn & Co. went on with their contract, and the State proceeded upon the idea that the bond was accepted. There is no evidence of bad faith, or of a purpose of any one to take advantage of the temporary absence of the secretary to do something that he would not otherwise have done, or to reverse any action he had taken; but the business of the office was simply transacted in its proper order as it was presented. The rule laid down in Watkins v. Mooney was no application to such facts as are here shown. To so apply it, would be to defeat the purpose of the statute, for in that event the assistant secretary could never know when he could act in the absence of his principal, and all the business done by him, though transacted in

good faith, and acquiesced in by all parties, might years afterwards be held void to the great detriment of innocent persons. This would make the statute intended to protect the public service a public injury. The principles upon which that decision rests are not to be extended to cases like this.

Judgment reversed, and cause remanded, with directions to sustain the demurrer to the fourth amended answer, and for further proceedings consistent herewith.