THE STATE EX REL. INDEMNITY COMPANY OF AMERICA V. CHARLES H. DAUES ET AL., Judges of St. Louis Court of Appeals.

Court en Banc, February 11, 1929.

*W. E. Moser* and *Hensley, Allen & Marsalek* for relator.

*Frederick A. Wendt, Roy H. Bergmann* and *James J. O'Donohoe* for respondents.

GANTT, J.—Certiorari to quash the opinion, judgment and record thereof of the St. Louis Court of Appeals in Goerss v. Indemnity Company of America, a corporation, Garnishee of Ralph T. Zausch. The opinion is reported in 3 S. W. (2d) 272, and the facts are stated in said opinion, as follows:

"This is a garnishment proceeding. On March 23, 1925, plaintiff obtained a judgment against defendant Ralph T. Zausch, for $3000 in the Circuit Court of the City of St. Louis, in an action brought to recover damages for personal injuries accidentally suffered by plaintiff as a result of being struck by an automobile operated and driven by defendant on a public street in said city. Execution was issued upon said judgment, and the Indemnity Company of America was summoned as garnishee. The trial of the garnishment proceeding, which was had before the court without a jury, resulted in a judgment in favor of the plaintiff against the garnishee for the sum of $3421.15, being the amount of the judgment in said action for damages, with the interest accrued thereon, and the costs incurred in said action. The garnishee appeals.

"The plaintiff grounds his right of recovery against the garnishee upon a liability insurance policy issued by the garnishee to defendant prior to the accident for which plaintiff obtained judgment against defendant as aforesaid. The provisions of the policy, so far as material here, are as follows:

" 'The Indemnity Company of America, hereinafter called the company, in consideration of the conditions, exclusions, limitations, premiums, warranties, and statements in the schedule, hereinafter

mentioned, hereby agrees with the assured named and described herein, hereinafter called the assured, as follows:

## "PART V. LIABILITY.

" '13. To indemnify the assured against loss resulting from claims upon the assured for damages on account of bodily injuries and/or death accidentally suffered or alleged to have been suffered by any person or persons not in the employ of the assured or otherwise herein excepted (see paragraph 22), by reason of the ownership, maintenance and/or use of the automobile described hereon. . . .

" 'ADDITIONAL COVERAGE FOR LIABILITY AND PROPERTY DAMAGE.

" '17. As regards Part Four, Property Damage, and Part Five, Liability, the company further agrees: (a) To defend in the name and on behalf of the assured, any suit brought against the assured to enforce a claim covered by said Parts Four and Five, whether groundless or not; (b) Also to pay all expenses incurred by the company in defending any suit including any costs taxed against the assured, and the interest accruing on verdict or judgment; . . . (d) Also as regards Part Five, Liability, to reimburse the assured for the expense incurred in providing such immediate surgical relief as is imperative at the time of the accident. . . .

" '22. As regards PARTS FOUR AND FIVE, applying to Property Damage and Liability, and in addition to the exclusions mentioned in Paragraph 19, the policy does not cover and the company shall not be liable: [Here follow clauses a, b and c, not material to the decision of the issues involved on this appeal.]

## " 'SPECIAL PROVISIONS

" '24. THE FOLLOWING SPECIAL PROVISIONS APPLY TO PARTS FOUR AND FIVE PERTAINING TO PROPERTY DAMAGE AND LIABILITY, and shall be considered as an addition to the General Provisions stated in Paragraph 25, and are subject to all exclusions and limitations stated herein pertaining to these parts: [Here follow clauses a, b and c, requiring the assured to give the company immediate notice of any claim for damages or suit against him, excluding him from interfering in any negotiation for settlement, or in any legal proceedings, and from incurring any expense except for such immediate surgical relief as is provided in Paragraph 17-c, and giving the company exclusive control of all investigations, adjustments, settlements or defense of suits.]

" '(d) LIMITATION—No action to recover for any loss and/or expense covered by this policy, arising or resulting from claims upon the assured for damages, shall be sustainable unless brought by the assured for loss and/or expense actually sustained and paid in money by him after actual trial of the issue.'

"The policy is divided into five parts, twenty-five numbered paragraphs, and numerous lettered clauses, which point to each other, fore and aft, by an intricate system of cross-references, to explain, supplement, or limit their meaning. Part V is six times designated in the policy as relating to liability, and four times such designations are made in large capital letters. We call attention to these features as pertinent to the contention of appellant that the policy properly construed undertakes to indemnify the insured merely against loss sustained by him by the actual payment in money of a claim against him, and does not undertake to indemnify him against liability, and that its demurrer to the evidence ought to have been sustained on that ground."

The Court of Appeals affirmed the judgment on two grounds: First, that by its refusal and failure to defend the suit brought against the assured, relator waived the condition that the judgment must be paid by the assured in money; second, that the indemnity is against liability and not merely against loss from liability.

Relator does not challenge the rule first announced as being in conflict with a decision of this court, but challenges the rule second announced as being in conflict with the following decisions of this court: State ex rel. Western Automobile Insurance Co. v. Trimble, 297 Mo. 659, l. c. 670-2, 249 S. W. 902; State ex rel. American Fire Insurance Co. v. Ellison, 269 Mo. 410, l. c. 420, 190 S. W. 879; State ex rel. New York Life Insurance Co. v. Trimble, 306 Mo. 295, l. c. 309, 267 S. W. 876. These cases hold that unambiguous contracts of insurance are to be construed by the same law by which other contracts are construed.

The Western Automobile case was a suit on a contract of indemnity insurance. The company was a mutual association, and the certificate of membership directed the appellant to the by-laws of the association as containing the contract of insurance. The insuring clause of said contract is set forth in the by-laws, as follows:

"Each member of this Association will be indemnified for any sums paid by such member in satisfaction of any judgment imposed by law upon such member on account of bodily injuries or death, suffered or alleged to have been suffered, by any person or persons, through the ownership, maintenance or use of the automobile enumerated and described in such member's application for membership in this Association while such automobile is within the limits of the United States of America or Canada."

Several paragraphs following this clause and leading to the no-action clause contain provisions limiting the liability of the company to the amount of money paid by the member in satisfaction of a judgment.

There was no contention in said case in the Kansas City Court of Appeals or in this court that the contract was an insurance against liability. Both courts ruled it was a contract against loss from liability. The meaning of the word "money" in the no-action clause

was the only question in that case. In the instant case the respondents held that the relator contracted against liability. Relator contends it contracted only against loss. In an effort to similize the insuring clause of the contracts, the relator claims to set out the relative provisions of said clauses of the policies, as follows:

"A. The insuring clause of the Pickel (Western Auto case) policy provided that its purpose was to *'indemnify and protect'* the member against claims for *'loss and damage.'*

"B. The insuring clause of Zausch's (instant case) present policy agreed 'to *indemnify* the assured against *loss* resulting from claims.'"

The words quoted in Paragraph A are not found in the insuring clause of the Western Auto contract. They are quoted from section 3, article 1, of the by-laws. We considered said section in ruling the Western Auto case, and said:

"It merely stated the general object in view. It does not purport either to define the association's liability, or to state the condition thereof, or to 'guarantee' to the member any payments whatever. It has nothing in it which has any tendency to exclude from the by-laws conditions and limitations which follow this merely and patently introductory paragraph. It cannot aid in the construction of the subsequently written provisions pertaining to liability and actions."

It will be noted that by the insuring clause in the Western Automobile case the company agrees to indemnify for any sums paid by the member in satisfaction of any judgment imposed by law upon such member; whereas, in the instant case the insuring clause provides for indemnity against loss resulting from claims upon the assured for damages. Relator argues that by these words it agreed "to indemnify the insured against claims for damages paid by him and not to indemnify him against liability." It must be held that if relator intended to contract only against loss, it could easily have done so by the use of plain and unambiguous words. That it did not do so is made apparent by relator's effect to explain the meaning of the words.

In addition, the files of this court in the Western Automobile case disclose that the company did not agree to defend suits, but it was agreed that it "may" do so. The Western Automobile Company refused to defend the suit, but did not thereby breach the contract of insurance; whereas the company in the instant case agreed to defend suits, and by its refusal to do so was guilty of a breach of contract.

For these reasons the opinion of the Court of Appeals is not in conflict with the decisions of this court in either the Western Automobile, American Fire Insurance Company, New York Life Insurance Company cases, or with the decisions of this court holding that in order "that an indebtedness may be liable to garnishment, it must be shown to be absolutely due as a money demand, unaffected by liens or prior encumbrances or conditions of contract."

It follows our writ should be quashed. It is so ordered. All concur, except *Blair, J.,* who dissents.